**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

FEB 0 8 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THEODORE CRISTAN,

    Plaintiff,

v.                                                          CIV. NO. 04-0723 MCA/WPL

SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY,
ROBERT ULIBARRI, and LUPE
MARSHALL,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Theodore Cristan, a prisoner at the Southern New Mexico Correctional Facility (SNMCF), brought this civil rights suit against SNMCF, Robert Ulibarri (SNMCF's warden), and Lupe Marshall (a deputy warden). [Doc. 1 at 1] He alleges that Defendants subjected him to cruel and unusual punishment by failing to provide timely and adequate medical care for a tumor on the back of his head. [Doc. 1 at 2-3] Cristan is proceeding *pro se* and *in forma pauperis*.

The matter is before me now on Defendants' *Martinez* Report and motion for summary judgment. [Doc. 26] For the reasons stated below, I recommend that Cristan's claims be dismissed.

### LIABILITY UNDER § 1983

Before turning to the *Martinez* Report and summary judgment motion, I must address a preliminary matter that has not been raised by the parties. Cristan filed this suit pursuant to 42 U.S.C. § 1983. [Doc. 1 at 1] A state agency or official, when sued in an official capacity, is not a "person" subject to liability for monetary damages under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989). It is undisputed that SNMCF is operated by the New Mexico

Corrections Department. [Doc. 1 at 1, Doc. 11 at 1] The New Mexico Corrections Department is a state agency. *See* N.M. STAT. ANN. §§ 6-3-1, 9-3-3. Cristan is suing Marshall and Ulibarri in both their official and individual capacities. [Doc. 12 at 4] He originally sought injunctive and monetary relief, but has now abandoned his claim for injunctive relief. [Doc. 1 at 5, Doc. 12 at 4] Accordingly, Cristan's claims against SNMCF and his official-capacity claims against Marshall and Ulibarri should be dismissed with prejudice.

Additionally, Cristan bases his suit on the prohibitions against cruel and unusual punishment in both the Eighth Amendment to the United States Constitution and Article II, Section 13, of the New Mexico Constitution. [Doc. 1 at 3] A violation of the New Mexico Constitution cannot support a § 1983 claim, which lies only for violations of federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).[1]

### SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be discharged by showing that there is an absence of evidence to support the nonmovant's case. *Id.* at 325. If the movant satisfies this initial burden, the burden shifts to the nonmovant to demonstrate a genuine issue for trial. *Id.* at 324. A court may also enter summary judgment *sua sponte*, as long as the opposing party was on

---

[1] Although Defendants have not raised these issues, a court may dismiss a prisoner's § 1983 action *sua sponte*, without requiring exhaustion of administrative remedies, if the action is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c). Moreover, the *Will* "person" defense is not waivable. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).

notice that he had to come forward with all his evidence. *Id.* at 326.

For purposes of summary judgment, a prisoner's complaint is treated as an affidavit if it alleges facts based on his personal knowledge and has been sworn under penalty of perjury. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). A *Martinez* Report is also treated as an affidavit. *Id.* When deciding whether to grant summary judgment, the Court must view the record and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act (PLRA) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision requires a prisoner to exhaust available administrative remedies even if those remedies cannot provide the type of relief the prisoner seeks. *See Booth v. Churner*, 532 U.S. 731, 734 (2001); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The word "available" in § 1997e(a) "means that inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004).

To exhaust administrative remedies, a prisoner must complete the grievance process by pursuing available administrative appeals. *Jernigan*, 304 F.3d at 1032. However, a prisoner is not required to appeal a favorable decision if he has already obtained all the administrative relief that is available. *Ross*, 365 F.3d a 1187.

In the Tenth Circuit, the doctrine of substantial compliance does not apply to the exhaustion

-3-

requirement; therefore, it is not sufficient for a prisoner to notify prison officials about his claims by means other than the established grievance process. *Jernigan*, 304 F.3d at 1032. The Tenth Circuit also places the burden of demonstrating exhaustion on the prisoner. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003) (burden to plead exhaustion); *see also Fry v. Al-Abduljalil*, No. 05-1179, 2006 WL 226025, at *2 (10th Cir. Jan. 31, 2006) (unpublished) (burden to demonstrate exhaustion when defendants moved for summary judgment).

### *Factual and Procedural Background Regarding Exhaustion*

On June 28, 2004, Cristan filed his sworn complaint. [Doc. 1 at 1, 6] He claimed that a doctor had diagnosed him with a "fat tissue tumor" that needed to be removed "as soon as possible." [Doc. 1 at 2] As a result of the tumor, Cristan asserted that he was suffering from extreme dizziness, drowsiness, excruciating pain, and sleep deprivation. [Doc. 1 at 2-3] He sought injunctive relief so that he could obtain the surgery, as well as damages for pain and suffering and punitive damages. [Doc. 1 at 5]

Cristan stated in the complaint that he had sought "informal relief" from Defendants. [Doc. 1 at 5] Along with the complaint, he filed an "Affidavit of Seeking Administrative Relief," detailing his informal attempts to obtain adequate medical treatment. [Doc. 2] These attempts consisted mostly of talking to various prison officials, including Marshall. [Doc. 2 at 1-3] Cristan also stated that the unit where he is housed does not return written grievances after they are filed and does not allow prisoners access to a photocopier to copy their grievances before they are filed. [Doc. 2 at 3-4] According to Cristan, the unit does this in a calculated effort to prevent prisoners from being able to prove that they have exhausted their administrative remedies. [Doc. 2 at 4] Cristan did not directly state in the affidavit that he had filed a written grievance.

-4-

On October 8, 2004, Defendants filed an answer to Cristan's complaint. [Doc. 11 at 1] They generally denied that Cristan sought administrative relief regarding his medical care and stated that they had no record that he filed a written grievance. [Doc. 11 at 3-4] Additionally, Defendants asserted that this case is moot because Cristan underwent surgery to remove the tumor on August 10, 2004. [Doc. 11 at 7]

On October 28, 2004, Cristan filed an unsworn "Response to Defendant's Answer to Civil Rights Complaint," which I have construed as a supplemental complaint.[2] [Doc. 12 at 1, Doc. 22 at 2] In the supplemental complaint, Cristan conceded that the tumor has been surgically removed, but asserted that the case is not moot because the delay in surgery caused him pain and suffering, a large scar, and permanent nerve damage. [Doc. 12 at 2-3] He abandoned his claim for injunctive relief--since the surgery had already been performed--but continued to seek monetary damages. [Doc. 12 at 4]

Regarding exhaustion, Cristan stated that he filed a written grievance in May 2004, but received no reply, and that he filed a second written grievance in July 2004. [Doc. 12 at 3-4] He attached a copy of the July grievance to the supplemental complaint. It indicates that the Grievance Officer returned the grievance to Cristan because the issue had been resolved by a previous grievance. [Doc. 12 Ex. A]

After receiving the supplemental complaint, I ordered Defendants to file a *Martinez* Report and a dispositive motion and allowed Cristan to respond or object within one month after the

---

[2] *Pro se* pleadings should be liberally construed. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). A court may allow the filing of a supplemental complaint to set forth events that occurred after the original complaint was filed, even if the original complaint was defective in its statement of a claim for relief. *See* FED. R. CIV. P. 15(d).

*Martinez* Report and dispositive motion were filed. [Doc. 22, 25] The order notified the parties that the *Martinez* Report could be used in deciding whether to grant summary judgment, either by motion or *sua sponte*, and that they should submit whatever materials they considered relevant to the case. [Doc. 22 at 6] Defendants complied with the order by filing a *Martinez* Report with an incorporated motion for summary judgment. [Doc. 26] Cristan's response or objections were due on September 7, 2005. [Doc. 25] To this date, no response or objections have been filed.[3]

Defendants' *Martinez* Report includes copies of SNMCF's grievance policies. [Doc. 26 Ex. D & E] The policies state that a prisoner should attempt to resolve a complaint through informal discussions with the responsible persons. But if the complaint is not resolved within five days, the prisoner may file a written grievance. The written grievance must be filed within fifteen calendar days of the date of the complaint. [Doc. 26 Ex. E at 0443]

The grievance must be submitted to the Grievance Officer using the Inmate Grievance Form. A separate Form must be completed "for each issue grieved." [Doc. 26 Ex. E at 0443] The inmate must state "what reasonable relief is being requested as a solution to the grievance." [Doc. 26 Ex. E at 0444]

Upon receipt of the grievance, the Grievance Officer must review it to determine whether it was filed within the applicable time limit and contains necessary information. "A grievance that is untimely, incomplete or otherwise improperly submitted will be returned to the inmate with an explanation of why it is being returned." [Doc. 26 Ex. E at 0444] A complaint is not grievable if

---

[3] Citing Local Rule 7.1(b), Defendants assert that they are entitled to summary judgment based on Cristan's failure to respond or object. [Doc. 27] *See* D.N.M.LR-Civ.7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). This rule cannot serve as a basis for granting summary judgment. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

it was the subject of a prior grievance on which a final determination has been made or which is currently under review. [Doc. 26 Ex. D at 0440] If a grievance is ruled non-grievable at any level, that ruling cannot be appealed. [Doc. 26 Ex. D at 0440].

If the grievance is not returned, the Grievance Officer must conduct an investigation, complete the Grievance Officer's report portion of the Inmate Grievance Form, and deliver the Form to the Warden with a copy to the inmate within twenty working days from receipt of the grievance. [Doc. 26 Ex. E at 0445] The Warden must then review the grievance and make a decision within fifteen days. [Doc. 26 Ex. E at 0445] If an inmate is dissatisfied with the Warden's decision, he may appeal to the Director of Adult Prisons for final review by completing the appeal portion of the Inmate Grievance Form within seven calendar days of receiving the Warden's decision. [Doc. 26 Ex. E at 0446]

An inmate is entitled to proceed to the next level of review if any of the above time limits expire without a decision. [Doc. 26 Ex. D at 0441]

Defendants have also provided the Court with Cristan's grievance file and his medical file. These files contain requests for medical treatment of the tumor and some letters complaining about the medical treatment, but they do not contain any Inmate Grievance Forms regarding the issues he raises in this case. [Doc. 26 Exs. C, J] Although the July 2004 grievance is not in Cristan's files, Defendants admit that he submitted that grievance. [Doc. 26 at 10]

### ***Discussion***

Cristan claims in his sworn complaint and "Affidavit of Seeking Administrative Relief" that he sought informal relief for his complaints. Additionally, the *Martinez* Report reveals that Cristan sought treatment from prison medical personnel and sent letters to prison officials complaining about

-7-

his treatment. These efforts were insufficient to exhaust administrative remedies because the prison's grievance policies require that an Inmate Grievance Form be submitted to the Grievance Officer. *See Jernigan*, 304 F.3d at 1032 (insufficient to give notice by means other than grievance process).

Cristan alleges in his unsworn supplemental complaint that he filed a written grievance in May 2004, but received no response. There is no copy of the grievance in Cristan's file. Assuming for purposes of argument that this allegation is true, it is insufficient to establish exhaustion because the prison's policies allow a prisoner to proceed to the next level of review if a timely response is not received at any level, and Cristan does not allege that he complied with this procedure. *See id.* (must complete grievance process).

The July 2004 written grievance is the only other item in the record that could arguably establish that Cristan exhausted his administrative remedies. However, it was submitted after Cristan instituted this suit.

It appears that all the circuits that have addressed the issue have held that administrative remedies must be exhausted before suit is filed. *See Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002); *Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001); *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).

The language of § 1997e(a) supports these decisions. As the Seventh Circuit noted, "Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be

decided. It says, rather, that '*[n]o action shall be brought* with respect to prison conditions . . . *until such administrative remedies as are available are exhausted.*'" *Perez*, 182 F.3d at 534.

Although the Tenth Circuit has not addressed this issue in a published decision, it has considered it in at least two unpublished cases. *See Hayward v. Brill*, No. 04-1520, 2006 WL 122461 (10th Cir. Jan. 18, 2006); *Peoples v. Gilman*, No. 04-1135, 109 Fed. Appx. 381 (10th Cir. Sept. 23, 2004). Both of these cases are attached as exhibits.[4]

In *Hayward*, the prisoner admitted that he had not exhausted administrative remedies, but claimed that he had just commenced the final step of the grievance process and requested the court to continue the case so he could exhaust his administrative remedies. The trial court denied this request and dismissed the suit. The Tenth Circuit held that the trial court did not err:

> [A]ny present status of exhaustion does not undermine Mr. Hayward's own concession that he had not exhausted his administrative remedies prior to filing his initial action. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) ("§ 1997e(a) requires exhaustion before the filing of a complaint and . . . a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation") (citing cases).

*Hayward*, 2006 WL 122461, at *1.

In *Peoples*, the Circuit held that the trial court properly rejected the prisoner's assertion that a grievance he arguably filed after filing his civil suit satisfied the exhaustion requirement. Relying on the statutory language "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted," the Circuit stated that filing a grievance after filing suit defeats the purpose of the statute. 109 Fed. Appx. at 383.

---

[4] Some courts have stated that the Tenth Circuit held in *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997), that administrative remedies must be exhausted before suit is filed. *See, e.g., McKinney*, 311 F.3d at 1199. Although *Garrett* suggests in passing that the PLRA requires pre-suit exhaustion, this question was not before the court. Neither *Hayward* nor *Peoples* cites *Garrett*.

Based on this authority, this case should be dismissed for failure to exhaust administrative remedies.[5]

A dismissal for failure to exhaust administrative remedies should ordinarily be without prejudice. *Steele*, 355 F.3d at 1213. Defendants argue, however, that this case should be dismissed with prejudice because it is too late for Cristan to pursue his administrative remedies under SNMCF's grievance policies. Defendants rely on *Jernigan* and *Ross*.

In *Jernigan*, the Tenth Circuit held that a prisoner could not "successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." 304 F.3d at 1033. The Circuit affirmed the trial court's dismissal of the prisoner's suit without prejudice. *Id.* at 1031.

In *Ross*, the Tenth Circuit stated that the PLRA "contains a procedural default concept within its exhaustion requirement. A prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." 365 F.3d at 1186 (citation omitted). But the court did not apply this procedural default concept in *Ross* because it concluded that the prisoner had not procedurally defaulted his administrative remedies. *See id.*[6]

---

[5] Defendants did not cite this line of authority in their discussion of exhaustion, but my order requiring a *Martinez* Report notified the parties that the *Martinez* Report could be used in deciding whether to grant summary judgment *sua sponte* and that they should submit whatever materials they considered relevant to the case. [Doc. 22 at 6]

[6] In finding a procedural default concept within the PLRA's exhaustion requirement, the *Ross* Court analogized to habeas procedure. *See* 365 F.3d at 1185-86. In the habeas context, a claim that has clearly been procedurally defaulted in state court should be dismissed with prejudice. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). But a claim should be dismissed without prejudice if there is a possibility that the state would review the claim--for example, when a state procedural rule has not been consistently or regularly applied. *See, e.g., Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997); *cf. Ross*, 365 F.3d at 1186 ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."). In this case, there is no evidence as to whether SNMCF ever waives the time limits.

Given that the Circuit affirmed the trial court's dismissal without prejudice in *Jernigan* and that it did not apply the procedural default concept in *Ross*, these decisions do not mandate a dismissal with prejudice when the prisoner has procedurally defaulted his administrative remedies. *See also Barron-Baca v. Shoemaker*, No. 04-1150, 118 Fed. Appx. 374 (10th Cir. Dec. 1, 2004) (unpublished) (holding that any error in dismissing procedurally defaulted suit with prejudice was harmless because statute of limitations expired after suit was filed). Defendants do not cite, and I am not aware of, any case in which the Tenth Circuit has held that a suit must be dismissed with prejudice in this situation.

Assuming that Defendants would be entitled to a dismissal with prejudice if Cristan procedurally defaulted his administrative remedies, it is not clear from the record before me that Cristan has procedurally defaulted.

Cristan's July 2004 grievance has a section to be completed by the grievance officer. In this section, there is a checkmark by the statement, "Your grievance is being returned to you because of the following reason." Reason 2 states, "The matter has been answered in previous grievance # ___." There was a checkmark by this reason, but the blank for the grievance number was not filled in. Reason 6 states, "Other Specify." There was no checkmark by this reason, but "Waiting for response from medical" was written in the blank following it. The signature of the Grievance Officer was located immediately below this reason.[7] [Doc. 12 Ex. A]

---

[7] The checkmark beside Reason 2 is inconsistent with Cristan's grievance file, which contains no grievances regarding the tumor. Defendants assert at one point in their summary judgment motion, without citing any evidence, that the grievance was returned because it had been previously addressed through correspondence between the Grievance Officer, Marshall, and Cristan. [Doc. 26 at 10] At another point, they indicate that the grievance was returned because it was incomplete. [Doc. 26 at 12] Neither of these reasons was listed on the Inmate Grievance Form by the Grievance Officer as a reason for returning the grievance.

Still relying on *Jernigan*, Defendants argue that when this grievance was returned, Cristan should have appealed or resubmitted the grievance to the Warden or Director of Adult Prisons. [Doc. 26 at 10-11] In *Jernigan*, the prisoner received no response to his grievance, possibly because it was lost or misfiled. Prison officials rejected his appeal because he failed to attach the warden's response, but gave him ten days to cure this deficiency. Instead, the prisoner filed suit. The Tenth Circuit held that the prisoner failed to exhaust his administrative remedies for two reasons. First, he could have informed prison officials that his grievance had been lost or misfiled during the ten-day cure period. Second, the grievance policy provided that if the prisoner did not receive a response from the warden within thirty days, he could send the grievance to an administrative review authority. *Jernigan*, 304 F.3d at 1032-33.

Here, Defendants do not point to any language in the grievance policies requiring, or even allowing, a prisoner to appeal or resubmit the grievance to the Warden or Director of Adult Prisons when a grievance is returned to the prisoner. The policies require prisoners to submit their grievances to the Grievance Officer, not directly to the Warden or Director of Adult Prisons. Appeals may be taken only after the Warden has made a decision or when no response to the grievance is received. Moreover, there is no evidence that Cristan was given a set period of time to cure any deficiencies in the grievance.

More importantly, Cristan received the relief he was seeking within the time allotted for the Grievance Officer's report. The Grievance Officer received the grievance on July 22, 2004, and had twenty days to respond. [Doc. 12 Ex. A, Doc. 26 Ex. E at 0445] On August 10, 2004, the surgery was performed. There is nothing in the record to indicate that any other relief was available for Cristan's grievance. Therefore, he was not required to pursue his administrative remedies any

-12-

further. *See Ross*, 365 F.3d at 1187.[8]

### RECOMMENDATION

For the reasons stated herein, I recommend that:

1) Cristan's § 1983 claims against SNMCF and against Marshall and Ulibarri in their official capacities be DISMISSED WITH PREJUDICE;

2) Cristan's § 1983 claims predicated on the violation of the New Mexico Constitution be DISMISSED WITH PREJUDICE;

3) Cristan's remaining claims be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies; and

4) Defendants' motion for summary judgment [Doc. 26] be GRANTED to the extent it seeks dismissal for failure to exhaust administrative remedies.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*[signature]*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[8] Defendants also suggest that Cristan was required to file a separate grievance regarding the "permanent injuries resulting from the surgery." [Doc. 26 at 10] Cristan does not claim that his permanent injuries were caused by any action or inaction that occurred during or subsequent to the surgery. He claims that these injuries resulted from the delay in obtaining the surgery. [Doc. 12 at 2-3] This delay was the subject of the July 2004 grievance.

Westlaw

Slip Copy
Slip Copy, 2006 WL 122461 (C.A.10 (Colo.))
(Cite as: Slip Copy)

Page 1

**Briefs and Other Related Documents**
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)
United States Court of Appeals,Tenth Circuit.
Michael HAYWARD, Plaintiff-Appellant,
v.
Warden BRILL, Warden; N.P. Wederski; N.P. Hill, Defendants-Appellees.
No. 04-1520.

Jan. 18, 2006.

**Background:** State prisoner proceeding pro se brought a civil rights action pursuant to § 1983, alleging that various prison officials and medical staff violated his Eight and Fourteenth Amendment rights by failing to provide him with adequate medical treatment. The district court dismissed the case without prejudice for failing to exhaust administrative remedies. Appeal was taken.

**Holding:** The Court of Appeals, Stephanie K. Seymour, Circuit Judge, held that prisoner's failure to exhaust administrative remedies prior to filing initial complaint warranted dismissal without prejudice of his claim.

Affirmed.

**Civil Rights 78** ⚖ 0

78 Civil Rights
Prisoner's failure to exhaust administrative remedies prior to filing initial complaint warranted dismissal without prejudice of his claim under § 1983 alleging various prison officials and medical staff violated his Eight and Fourteenth Amendment rights by failing to provide him with adequate medical treatment. U.S.C.A. Const.Amends. 8, 14; Civil Rights of Institutionalized Persons Act, § 7, 42 U.S.C.A § 1997e(a).

Michael Hayward, Ft. Lyons, CO, pro se.
Ken Salazar, Attorney General, State of Colorado Department of Law, Denver, CO, for Defendants-Appellees.

Before SEYMOUR, HARTZ, and McCONNELL, Circuit Judges.

ORDER AND JUDGMENT*

STEPHANIE K. SEYMOUR, Circuit Judge.
*1 Michael Hayward, a former Colorado state prisoner proceeding *pro se*, [FN] brought a civil rights action pursuant to 42 U.S.C. § 1983, alleging that various prison officials and medical staff violated his Eight and Fourteenth Amendment rights by failing to provide him with adequate medical treatment. The district court dismissed the case without prejudice for failing to exhaust administrative remedies. We review such a dismissal under a *de novo* standard, and we affirm. *See Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir.2002).

The Prison Litigation Reform Act (PLRA) commands that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In his complaint, Mr. Hayward acknowledged he had not exhausted administrative remedies. The district court issued a show cause order, noting that pursuant to *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir.2003), Mr. Hayward was not only required to exhaust his available remedies prior to bringing his § 1983 suit but was also required to provide supporting information with the complaint as evidence of exhaustion. Because Mr. Hayward failed to do either, the court ordered him to explain why his complaint should not be dismissed for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 122461 (C.A.10 (Colo.))
**(Cite as: Slip Copy)**

Page 2

failure to exhaust administrative remedies. In response, Mr. Hayward indicated that two days before filing his show cause answer, he filed a final step three grievance with the prison and was awaiting a response. He requested the court to grant him an extension so he could exhaust his remedies and proceed with his case. The court denied his request and dismissed the action without prejudice.

We can not say the district court erred in dismissing Mr. Hayward's case. "[The PLRA's] statutory exhaustion requirement ... is mandatory, and the district court was not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1168 n. 5 (10th Cir.2003). If Mr. Hayward has indeed exhausted his administrative remedies, he may be entitled to file another complaint. But any present status of exhaustion does not undermine Mr. Hayward's own concession that he had not exhausted his administrative remedies prior to filing his initial action. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (" § 1997e(a) requires exhaustion before the filing of a complaint and ... a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation") (citing cases).

We **GRANT** Mr. Hayward's request to proceed *in forma pauperis* on appeal and **AFFIRM**.

> FN* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

> FN1. Mr. Hayward was incarcerated when he initially filed this action, but he was released shortly after initiating this appeal. Because he is proceeding *pro se*, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

C.A.10 (Colo.),2006.
Hayward v. Brill
Slip Copy, 2006 WL 122461 (C.A.10 (Colo.))

Briefs and Other Related Documents (Back to top)

• 04-1520 (Docket) (Dec. 07, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

109 Fed.Appx. 381
109 Fed.Appx. 381, 2004 WL 2110719 (C.A.10 (Colo.))
**(Cite as: 109 Fed.Appx. 381)**

Page 1

C
Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)
United States Court of Appeals,Tenth Circuit.
Louis PEOPLES, Jr., Plaintiff-Appellant,
v.
Honorable Shelley GILMAN; Christine Washborn, District Attorney; Mychael Dave; Barbara Greer, Nurse, # 113761 LPN; Sgt. Gomez, Deputy Sheriff; Esqubel, Deputy Sheriff; Victoria Toliver, Nurse # 112565; Deputies Sheriffs 1-4.
Defendants-Appellees.
No. 04-1135.

Sept. 23, 2004.

**Background:** State inmate brought pro se civil rights action for monetary and injunctive relief, alleging that various lawyers, prison personnel, deputy sheriffs, and trial judge were deliberately indifferent to his serious medical needs during his appearance in state court and during his incarceration as pretrial detainee, and also alleging interference with and refusal to mail his legal correspondence while he was pretrial detainee. The United States District Court for the District of Colorado dismissed complaint with prejudice. Inmate appealed.

**Holdings:** The Court of Appeals, Seymour, Circuit Judge, held that:

1(1) exhaustion requirements established by Prison Litigation Reform Act (PLRA) applied to inmate's claims;

2(2) inmate's filing of notice of intent to sue letter, as required by Colorado Governmental Immunity Act, did not satisfy PLRA's exhaustion requirement;

3(3) grievance filed after inmate instigated action did not satisfy exhaustion requirement; and

4(4) dismissal with prejudice was warranted.

Affirmed.

West Headnotes

[1] Civil Rights 78 ⇌1319

78 Civil Rights
    78III Federal Remedies in General
        78k1314 Adequacy, Availability, and Exhaustion of State or Local Remedies
            78k1319 k. Criminal Law Enforcement; Prisons. Most Cited Cases
Exhaustion requirements established by Prison Litigation Reform Act (PLRA) for prisoner claims implicating conditions of confinement applied to civil rights claims in which state inmate alleged deliberate indifference to his serious medical needs and interference with and refusal to mail his legal correspondence, based on conduct that allegedly occurred while state inmate was pretrial detainee at county jail. 42 U.S.C.A. §§ 1983, 1985; Civil Rights of Institutionalized Persons Act, § 7(a, h), 42 U.S.C.A. § 1997e(a, h).

[2] Civil Rights 78 ⇌1319

78 Civil Rights
    78III Federal Remedies in General
        78k1314 Adequacy, Availability, and Exhaustion of State or Local Remedies
            78k1319 k. Criminal Law Enforcement; Prisons. Most Cited Cases
State inmate's filing of notice of intent to sue letter, as required by Colorado Governmental Immunity Act, did not satisfy requirement, under Prison Litigation Reform Act (PLRA), that inmate exhaust administrative remedies before filing civil rights action challenging

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

109 Fed.Appx. 381                                                                                              Page 2
109 Fed.Appx. 381, 2004 WL 2110719 (C.A.10 (Colo.))
**(Cite as: 109 Fed.Appx. 381)**

conditions of his confinement as pretrial detainee, which required inmate to pursue administrative remedies through county jail's inmate grievance procedure. 42 U.S.C.A. §§ 1983, 1985; Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a); West's C.R.S.A. § 24-10-101 et seq.

[3] **Civil Rights 78** ⟠1319

78 Civil Rights
　78III Federal Remedies in General
　　78k1314 Adequacy, Availability, and Exhaustion of State or Local Remedies
　　　78k1319 k. Criminal Law Enforcement; Prisons. Most Cited Cases
Grievance filed after state inmate instigated civil rights action did not satisfy administrative exhaustion requirement under Prison Litigation Reform Act (PLRA). Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

[4] **Federal Civil Procedure 170A** ⟠1837.1

170A Federal Civil Procedure
　170AXI Dismissal
　　170AXI(B) Involuntary Dismissal
　　　170AXI(B)5 Proceedings
　　　　170Ak1837 Effect
　　　　　170Ak1837.1 k. In General. Most Cited Cases
Dismissal with prejudice, based on state inmate's failure to exhaust administrative remedies, was warranted when review on the merits established that allegations did not and could not support actionable claims under civil rights statutes. 42 U.S.C.A. §§ 1983, 1985; Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

[5] **Conspiracy 91** ⟠18

91 Conspiracy
　91I Civil Liability
　　91I(B) Actions
　　　91k18 k. Pleading. Most Cited Cases
Pretrial detainee's allegations of conspiracy to interfere with his legal correspondence did not support civil rights conspiracy claim, given absence of allegation of class-based discriminatory animus. 42 U.S.C.A. § 1985(3).

[6] **Civil Rights 78** ⟠1395(7)

78 Civil Rights
　78III Federal Remedies in General
　　78k1392 Pleading
　　　78k1395 Particular Causes of Action
　　　　78k1395(7) k. Prisons and Jails; Probation and Parole. Most Cited Cases
Pretrial detainee's allegations of deliberate indifference to his serious medical needs during his state court appearance and during his detention in county jail did not support claim under § 1983, given absence of allegation that defendants knew that detainee faced substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

*382 Louis Peoples, Jr., Canon City, CO, pro se.
Patrick L. Sayas, Attorney General's Office, David R. Brougham, Hall & Evans, Denver, CO, Scott S. Nixon, Elizabeth C. Moran, Pryor, Johnson, Montoya, Carney & Karr, Greenwood Village, CO, Thomas G. Bigler, Office of the City Attorney, Carl Richard Mangino, City Attorney's Office, Denver, CO, for Defendant-Appellee.

Before SEYMOUR, LUCERO, and O'BRIEN, Circuit Judges.

ORDER AND JUDGMENT*

FN* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

109 Fed.Appx. 381
109 Fed.Appx. 381, 2004 WL 2110719 (C.A.10 (Colo.))
(Cite as: 109 Fed.Appx. 381)

Page 3

judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

SEYMOUR, Circuit Judge.

**1 Louis Peoples, Jr. is a state prisoner in the custody of the Colorado Department of Corrections (DOC). Mr. Peoples filed a *pro se* civil rights complaint requesting money damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that various lawyers, prison personnel, deputy sheriffs and a trial judge (defendants) were deliberately indifferent to his serious medical needs during an appearance in the Denver District Court and during his incarceration as a pretrial detainee at the Denver County Jail.[FN1] Mr. Peoples also claimed that certain defendants interfered with and refused to mail his legal correspondence while he was incarcerated at the Denver County Jail. The magistrate judge recommended that the district court grant the defendants' various motions to dismiss because Mr. Peoples failed to state any claim upon which relief could be granted under §§ 1983 and 1985, and failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a). The district court agreed and *383 dismissed the case with prejudice. We affirm.

> FN1. We construe Mr. Peoples' pleadings liberally, holding them "to less stringent standards than formal pleadings drafted by lawyers," because he is a *pro se* litigant. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

We review *de novo* a district court's finding of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir.2002). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner,* 532 U.S. 731, 740-41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Yousef v. Reno,* 254 F.3d 1214, 1216 n. 1 (10th Cir.2001). "[T]he substantive meaning of § 1997e(a) is clear: [r]esort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1207 (10th Cir.2003) (internal quotation and citation omitted).

In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings. *Id.* at 1209-10. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan,* 304 F.3d at 1032. Similarly, an inmate who fails to meet the time limit for filing a grievance does not exhaust his administrative remedies. *Id.* at 1033.

[1] Mr. Peoples contended below that the § 1997e(a) exhaustion requirement was inapplicable because his claims did not relate to prison conditions. But the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Mr. Peoples' claims fall well within the ambit of "suits about prison life" because they implicate conditions of confinement and the effects of actions by government officials on the lives of persons confined in prison. The exhaustion requirement extends to pretrial detainees because the definition of a prisoner includes "any person ... detained in any facility who is accused of ... violations of criminal law." 42 U.S.C. § 1997e(h). At the time of the alleged incident, Mr. Peoples was an inmate at the Denver County Jail. Therefore, Mr. Peoples was required to exhaust administrative remedies.

**2 [2] Mr. Peoples conversely argues that he did exhaust his administrative remedies because defendants received actual notice of his claims by his filing of a notice of intent to sue letter, as required by the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**109 Fed.Appx. 381**
109 Fed.Appx. 381, 2004 WL 2110719 (C.A.10 (Colo.))
(Cite as: 109 Fed.Appx. 381)

Page 4

Colorado Governmental Immunity Act. That notice does not constitute exhaustion. The issue is whether Mr. Peoples exhausted administrative remedies pursuant to the inmate grievance procedure available at the Denver County Jail. Furthermore, Mr. Peoples' notice of intent to "bring legal actions" was non-specific; it did not inform any of the defendants of the nature of his grievances. Because Mr. Peoples did not demonstrate that he exhausted his administrative remedies pursuant to the Denver County inmate grievance procedure, his claim was properly dismissed.

[3] [4] [5] [6] Mr. Peoples also asserted that a grievance he arguably filed after instigating his civil suit satisfies the exhaustion requirement. The district court properly rejected this argument. The filing of a grievance after the initiation of the lawsuit defeats the purpose of the statute: "[n]o action shall be brought ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The final matter before this court is whether *384 Mr. Peoples' claims should have been dismissed with prejudice. "A dismissal based on lack of exhaustion ... should ordinarily be without prejudice." Steele, 355 F.3d at 1213. However, where a district court determines, after an examination of the merits, that absent exhaustion a party would nonetheless be unsuccessful in his case, dismissal with prejudice is appropriate. Id. at 1214. Here, the magistrate judge methodically parsed Mr. Peoples' claims and recommended that each be dismissed. The district court reviewed the magistrate's recommendations and correctly determined that Mr. Peoples' allegations could not and did not support actionable claims under either § 1983 or § 1985. Mr. Peoples' allegations of conspiracy to interfere with his legal correspondence under 42 U.S.C. § 1985(3) failed to state a claim because that provision applies only to conspiracies motivated by some class-based invidiously discriminatory bias. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). Mr. Peoples alleged no such discriminatory animus. Mr. Peoples failed to state a claim of deliberate indifference to his medical needs because he did not allege that defendants knew he faced a "substantial risk of serious harm" and disregarded "that risk by failing to take reasonable measures to abate it." Farmer v. Brennan,

511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, the district court's dismissal with prejudice was appropriate.

The judgment of the district court is **AFFIRMED**. Mr. Peoples' motion to proceed on appeal without prepayment of fees is **GRANTED**, and he is reminded that he is obligated to continue making partial payments toward the balance of his accessed fees and costs until they are paid in full.

C.A.10 (Colo.),2004.
Peoples v. Gilman
109 Fed.Appx. 381, 2004 WL 2110719 (C.A.10 (Colo.))

Briefs and Other Related Documents (Back to top)

• 2004 WL 3192701 (Appellate Brief) Appellee Gilman's Answer Brief (Jul. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 1750280 (Appellate Brief) Answer Brief of Defendants-Appellees Victoria Toliver and Barbara Greer Oral Argument not Requested (Jun. 28, 2004) Original Image of this Document with Appendix (PDF)
• 2004 WL 3192700 (Appellate Brief) Answer Brief of Defendants-Appellees Victoria Toliver and Barbara Greer (Jun. 28, 2004) Original Image of this Document with Appendix (PDF)
• 2004 WL 2008783 (Appellate Brief) Appellees/Respondents; Gomez and Esqubel's Answer Brief (Jun. 24, 2004) Original Image of this Document with Appendix (PDF)
• 2004 WL 3122629 (Appellate Brief) Appellees/Respondents; Gomez and Esqubel's Answer Brief (Jun. 24, 2004) Original Image of this Document (PDF)
• 04-1135 (Docket) (Apr. 12, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.